IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KEITH L. LEWIS,                    )
                                   )
                  Petitioner,      )
vs.                                )          NO. CIV-08-103-D
                                   )
DAVID PARKER, Warden,              )
                                   )
                  Defendant.       )

## O R D E R  A N D  J U D G M E N T

Petitioner, an inmate appearing *pro se* and *in forma pauperis*, filed this action seeking a writ of habeas corpus pursuant to 42 U.S.C. §2254.   In accordance with  28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial review. On April 21, 2008, the Magistrate Judge filed a Supplemental Report and Recommendation[1] [Doc. No. 16] in which he recommended that the Petition be dismissed with prejudice because it was not filed within the statute of limitations set forth in 28 U. S. C. § 2244(d).  Because Petitioner has timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Petitioner brings this action to challenge his conviction in the District Court of Stephens County, Oklahoma in Case No. CF-2004-244.  On April 18, 2005, Petitioner entered a plea of guilty to a charge of Shooting with Intent to Kill; on June 16, 2005, he was sentenced to a 25-year term of imprisonment, with all but the first 19 years suspended.   Approximately one week after his sentencing, Petitioner filed a pleading entitled "Application to Withdraw Plea of Guilty or No Contest."  However, in the text of that pleading, he stated he did not wish to withdraw the plea or have the matter set for trial, but he asserted arguments stating that he had defenses to the crime charged.  He also said he had been denied effective assistance of counsel.

---

[1] *A previous Report and Recommendation [Doc. No. 6] recommended dismissal without prejudice to its refiling because Petitioner failed to comply with Court orders regarding payment of an initial filing fee.  Shortly after the Report and Recommendation was filed, however, the Court received Petitioner's filing fee; as a result, the matter was again referred to Magistrate Judge Purcell for consideration of the Petition.  See Order of March 6, 2008 [Doc. No. 9].*

The Stephens County District Court conducted a hearing on Petitioner's application on July 7, 2005; Petitioner appeared without counsel.   The Court questioned Petitioner to determine if he wanted to withdraw his guilty plea, and Petitioner explicitly stated that he did not wish to do so. *See* Transcript of July 7, 2005 evidentiary hearing at p. 2, submitted as Exhibit 3 to Respondent's Motion to Dismiss.   Petitioner stated that he only wanted to place on the record concerns he had with regard to his sentence and the presentence investigation report; he asked the Court to reconsider the sentence imposed based on unidentified mitigation issues.   *Id.*, at pp. 7-8.   On July 13, 2005, the district court entered an order denying his application to withdraw the guilty plea.

Petitioner did not appeal his conviction, but he filed an application for post-conviction relief on February 16, 2007; the application was denied on February 22, 2007 for failure to comply with procedural requirements.   He filed a second application on March 19, 2007; that application was denied on the merits and, on October 3, 2007, the denial was affirmed by the Oklahoma Court of Criminal Appeals.   No further action was taken by Petitioner until he filed this habeas action on January 30, 2008.

The Magistrate Judge has recommended that the Petition be dismissed as untimely because it was not filed within the limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   According to the AEDPA, a petition for habeas relief must be filed within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U. S. C. § 2244(d)(1)(A).   In this case, Petitioner was sentenced on June 16, 2005, and he had ten days from the entry of the judgment and sentence in which to file a motion to withdraw the guilty plea.   Okla. Stat. tit. 22 § 1051. Although he filed a June 28, 2005 pleading indicating his desire to withdraw his plea, the subsequent hearing establishes that he stated on the record that he did not wish to withdraw the guilty plea.   As a result, his conviction became final on June 26, 2005, ten days after the entry of the judgment and

2

imposition of sentence. The one-year AEDPA limitations period for filing a habeas petition thus expired on June 26, 2006.

As the Magistrate Judge correctly notes, however, the AEDPA limitations period is tolled during the time in which "a properly filed application" for post-conviction relief or other collateral review is pending. 28 U. S. C. § 2244(d)(2). Petitioner's first post-conviction relief application was denied six days after its February 16, 2007 filing date because it was not properly filed; however, Petitioner filed a second application on March 19, 2007. That application was denied, and its denial was affirmed on appeal. These applications do not, however, toll the AEDPA limitations period because both were filed more than one year after the June 26, 2005 date of the sentence and conviction. Accordingly, the one-year period was not tolled in this case. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002).

The Magistrate Judge also considered whether equitable tolling applies in Petitioner's case. Equitable tolling of the AEDPA limitations period applies only in extraordinary circumstances. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998). The circumstances recognized by this Circuit as justifying equitable tolling include a finding that a constitutional violation resulted in the conviction of one who is actually innocent or where an adversary's conduct or other uncontrollable circumstances prevented the prisoner from timely filing. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Equitable tolling may also apply where a prisoner has actively pursued judicial remedies during the limitations period, but has filed defective pleadings; however, circumstances amounting to excusable neglect are not sufficient to warrant equitable tolling. *Id.*

In this case, the Magistrate Judge reviewed the record to determine whether any of the Circuit's recognized bases for equitable tolling could apply. He noted that the only argument asserted by Petitioner in that regard is his contention that he attempted to withdraw his guilty plea

in 2005 but was prevented from doing so and was denied assistance of counsel in that effort. However, as the Magistrate Judge noted, the record reflects that Petitioner was asked at that hearing if he wanted to withdraw his plea; he expressly stated that he did not want to do so. After the hearing, the State court denied his application because he expressly stated that he did not want to withdraw the guilty plea. Petitioner did not appeal that ruling. Nor did he appeal his conviction or sentence.

Even if the AEDPA limitations period did not begin to run until the State court denied his application on July 13, 2005, that period expired one year later, on July 13, 2006. Thus, even if that additional time is considered, Petitioner's March 2007 post-conviction relief application did not toll the limitations period because it was not filed until more than one year after the period expired. The record before the Court contains no other potential basis for tolling the AEDPA limitations period.

The Court has thoroughly reviewed the Supplemental Report and Recommendation, the record submitted, and the Petitioner's objections to the recommendations of the Magistrate Judge. Having thus conducted a *de novo* review, the Court concludes that this action must be dismissed as untimely. The Supplemental Report and Recommendation [Doc. No. 16] is adopted, and this action is dismissed with prejudice.

IT IS SO ORDERED this __20th__ day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE